IN THE COURT OF APPEALS OF NORTH CAROLINA

 2022-NCCOA-53

 No. COA21-118

 Filed 1 February 2022

 Guilford County, No. 19 CVS 1115

 GUY M. TURNER INCORPORATED, Plaintiff,

 v.

 KLO ACQUISITION LLC, separately and doing business as KL Outdoor LLC,
 Defendant,

 and

 JPMORGAN CHASE BANK, N.A., Garnishee.

 Appeal by garnishee from judgment entered 10 November 2020 by Judge John

 O. Craig, III in Guilford County Superior Court. Heard in the Court of Appeals 17

 November 2021.

 Keziah Gates, LLP, by Andrew S. Lasine, for Plaintiff-Appellee.

 Womble Bond Dickinson (US) LLP, by Jonathon D. Townsend, for Garnishee-
 Appellant.

 CARPENTER, Judge.

¶1 Garnishee JPMorgan Chase Bank, N.A. (“Chase Bank”) appeals from the trial

 court’s entry of summary judgment (the “Order”) in favor of Plaintiff Guy M. Turner

 Incorporated (“GMT”) as to GMT’s right to recover from Chase Bank as garnishee.

 After careful review, we reverse and remand the Order.
 GUY M. TURNER INC. V. KLO ACQUISITION LLC

 2022-NCCOA-53

 Opinion of the Court

 I. Factual & Procedural Background

¶2 In January 2019, GMT and Defendant KLO Acquisition, LLC (“KLO”) 1 entered

 into a contract pursuant to which GMT would “provide labor, equipment, and

 materials to rig or remove KLO’s manufacturing equipment from a KLO facility in

 Georgia, transport the equipment to KLO’s vendor in Michigan for repairs, and then

 transport the equipment back to KLO’s facility in Georgia and reinstall it in KLO’s

 manufacturing line.” On 16 October 2019, GMT filed suit against KLO in Guilford

 County Superior Court for breach of contract and quantum meruit. A few days later,

 on 29 October 2019, GMT served an order of attachment, summons to garnishee, and

 notice of levy on Chase Bank, with which KLO maintained two deposit accounts: the

 “Cash Collateral Account,” and the “Operating Account” (together, the “Deposit

 Accounts”). Prior to the institution of GMT’s suit, Chase Bank made substantial

 loans to KLO on which KLO defaulted, owing Chase Bank over twelve million dollars.

 That same day, Chase Bank exercised its right of setoff against the funds in the

 garnished accounts and debited the entire balance of the Cash Collateral Account, a

 total of $328,243.14. However, Chase Bank did not debit any funds from the

 garnished Operating Account and continued to allow KLO to actively draw upon the

 1 KLO is not a party to this appeal.
 GUY M. TURNER INC. V. KLO ACQUISITION LLC

 2022-NCCOA-53

 Opinion of the Court

 account after Chase Bank’s receipt of the garnishment summons and notice of levy.

 By 28 February 2020, the Operating Account had a balance of $115,897.60, with

 significant activity by KLO during February 2020, including an opening balance of

 $8,357.73, deposits and credits of $1,163,724.90, and withdrawals and debits of

 $1,056,185.03.

¶3 On 12 October 2020, GMT moved for entry of default against KLO, which the

 clerk entered the same day. GMT also moved for summary judgment against KLO

 as the defendant in the contract action and against Chase Bank as garnishee.

¶4 GMT’s motion for summary judgment came on for hearing on 2 November 2020

 before the Honorable John O. Craig, III in Guilford County Superior Court. On 3

 November 2020, Chase Bank moved for leave to amend its answer to the garnishment

 summons and notice of levy in order to assert that it had a perfected security interest

 in both of the Deposit Accounts.

¶5 On 10 November 2020, the trial court entered its summary judgment Order

 granting, inter alia, Chase Bank’s motion for leave to amend its answer, GMT’s

 motion for summary judgment as to GMT’s right to recovery from Chase Bank

 pursuant to the garnishment summons and notice of levy, and GMT’s motion for

 summary judgment as to its breach of contract claim against KLO. The trial court

 entered judgment against KLO in the amount of $168,712.59 plus interest and

 attorneys’ fees, and it entered judgment against Chase Bank in the amount of
 GUY M. TURNER INC. V. KLO ACQUISITION LLC

 2022-NCCOA-53

 Opinion of the Court

 $209,614.47 to satisfy GMT’s demand as of the date of issuance of the garnishment

 summons and notice of levy directed to Chase Bank. Chase Bank gave timely notice

 of appeal.

 II. Jurisdiction

¶6 This Court has jurisdiction to address Chase Bank’s appeal from the order of

 summary judgment as a final judgment pursuant to N.C. Gen. Stat. § 7A-27(b)(1)

 (2019).

 III. Issues

¶7 The issues before this Court are whether: (1) Chase Bank waived or

 undermined its security interest by allowing KLO access to its deposit accounts held

 at Chase Bank, and (2) the trial court erred by granting summary judgment in favor

 of GMT and against Chase Bank.

 IV. Standard of Review

¶8 “Our standard of review of an appeal from summary judgment is de novo; such

 judgment is appropriate only when the record shows that there is no genuine issue

 as to any material fact and that any party is entitled to a judgment as a matter of

 law.” In re Will of Jones, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (citation and

 internal quotation marks omitted) (emphasis added).

 V. Order of Summary Judgment

¶9 On appeal, Chase Bank argues the trial court erred in granting summary
 GUY M. TURNER INC. V. KLO ACQUISITION LLC

 2022-NCCOA-53

 Opinion of the Court

 judgment for GMT because: (1) Chase Bank’s perfected security interest in the

 Deposit Accounts shielded the funds from garnishment, and (2) Chase Bank did not

 waive or undermine its security interest by allowing KLO access to the Deposit

 Accounts. We agree.

 A. Security Interest

¶ 10 Chase Bank argues it had a perfected security interest in KLO’s deposit

 account before 29 October 2019, the date on which the garnishment summons was

 served on Chase Bank, and interest superseded any interest held by GMT. GMT does

 not dispute Chase Bank had a security interest in the Deposit Accounts. For the

 reasons set forth below, we agree Chase Bank had a perfected security interest in

 KLO’s Deposit Accounts.

¶ 11 Since the parties do not dispute Chase Bank had an enforceable security

 interest in KLO’s Deposit Accounts, we need not consider whether Chase Bank’s

 security interest attached. Therefore, we discuss perfection and priority of Chase

 Bank’s security interest in the Deposit Accounts.

¶ 12 Section 25-9-304(a) of the North Carolina Uniform Commercial Code provides

 that “[t]he local law of a bank’s jurisdiction governs perfection, the effect of perfection

 or nonperfection, and the priority of a security interest in a deposit account

 maintained with that bank.” N.C. Gen. Stat. § 25-9-304(a) (2019). A bank and its
 GUY M. TURNER INC. V. KLO ACQUISITION LLC

 2022-NCCOA-53

 Opinion of the Court

 customer may dictate by agreement which jurisdiction’s law will govern. N.C. Gen.

 Stat. § 25-9-304(b)(1).

¶ 13 Chase Bank argues that “[b]ecause [Chase Bank and KLO’s Amended and

 Restated] Credit Agreement specifies that New York law governs, New York is the

 ‘local law’ for purposes of determining the perfection of Chase’s security interest in

 the deposit accounts.” GMT makes no argument with respect to which law governs

 perfection, the effect of perfection or nonperfection, nor the priority of Chase Bank’s

 security interests in the Deposit Accounts maintained by Chase Bank. There is no

 other evidence in the record to indicate the law of a state other than New York

 governs. Because the Amended and Restated Credit Agreement (the “Agreement”)

 between KLO and Chase Bank indicates that New York is the “bank’s jurisdiction,”

 we turn to New York law to determine whether Chase Bank has a perfected security

 interest in the Deposit Accounts and the priority of such interest.

¶ 14 Under New York’s version of the Uniform Commercial Code, “a security

 interest in a deposit account may be perfected only by control . . . .” N.Y. U.C.C. Law

 § 9-312(b)(1) (McKinney 2021); see N.Y. U.C.C. Law § 9-314 (McKinney 2021). A

 secured party may exercise control over a deposit account as “the bank with which

 the deposit account is maintained . . . .” N.Y. U.C.C. Law § 9-104(a)(1) (McKinney

 2021).
 GUY M. TURNER INC. V. KLO ACQUISITION LLC

 2022-NCCOA-53

 Opinion of the Court

¶ 15 Here, Chase is a secured party with respect to KLO as evidenced by the

 Agreement, and Chase Bank exercised control over KLO’s Deposit Accounts as “the

 bank with which the [Deposit Accounts are] maintained.” See N.Y. U.C.C. Law § 9-

 104(a)(1). Thus, Chase Bank had a perfected security interest in KLO’s Deposit

 Accounts pursuant to N.Y. U.C.C. Law § 9-312.

¶ 16 We next consider the priority dispute between Chase Bank and GMT with

 respect to the funds in KLO’s Deposit Accounts. New York’s Uniform Commercial

 Code provides: “[a] security interest held by a secured party having control of the

 deposit account under Section 9-104 has priority over a conflicting security interest

 held by a secured party that does not have control.” N.Y. U.C.C. Law § 9-327(a)

 (McKinney 2021). Additionally, a lien creditor would only have superior rights over

 a secured party if the lien creditor acquired its lien before the security interest of the

 secured party was perfected. N.Y. U.C.C. Law § 9-317(a)(2)(A) (McKinney 2021). “A

 security interest in deposit accounts . . . is perfected by control under Section [9-104]

 when the secured party obtains control and remains perfected by control only while

 the secured party retains control.” N.Y. U.C.C. Law § 9-314(b). Upon default, a

 secured party may enforce the obligations of an account debtor by “apply[ing] the

 balance of the deposit account to the obligation secured by the deposit account” if the

 secured party “holds a security interest in a deposit account perfected by control

 under Section 9-104(a)(1).” N.Y. U.C.C. Law § 9-607(a)(4) (McKinney 2021).
 GUY M. TURNER INC. V. KLO ACQUISITION LLC

 2022-NCCOA-53

 Opinion of the Court

¶ 17 In addition, Chase Bank and KLO’s Agreement expressly contemplated that

 Chase Bank would have the right of setoff of mutual debts:

 SECTION 9.08. Right of Setoff. If an Event of Default shall
 have occurred and be continuing, each Lender and each of
 its Affiliates is hereby authorized at any time and from
 time to time, to the fullest extent permitted by law, to set
 off and apply any and all deposits (general or special, time
 or demand, provisional or final) . . . at any time held and
 other obligations at any time owing by such Lender or
 Affiliate to or for the credit or the account of any Loan
 Party against any of and all the due and payable Secured
 Obligations held by such Lender. The applicable Lender
 shall notify the Borrower Representative and the
 Administrative Agent of such set-off or application,
 provided that any failure to give or any delay in giving such
 notice shall not affect the validity of any such set-off or
 application under this Section. The rights of each Lender
 under this Section are in addition to other rights and
 remedies (including other rights of setoff) which such
 Lender may have.

¶ 18 In the instant case, it is undisputed that Chase Bank held a perfected security

 interest in KLO’s Deposit Accounts before it was served with the garnishment

 summons and notice of levy by GMT. There is no evidence to suggest Chase Bank’s

 control over the Deposit Accounts was not continuous. See N.Y. U.C.C. Law § 9-

 314(b). Because GMT cannot show that it became a lien creditor before Chase Bank’s

 security interest was perfected, we conclude any claim of GMT with respect to the

 Deposit Accounts is subordinate to Chase Bank’s perfected security interest obtained

 by control. See N.Y. U.C.C. Law § 9-317(a)(2)(A). Chase Bank, as a secured party
 GUY M. TURNER INC. V. KLO ACQUISITION LLC

 2022-NCCOA-53

 Opinion of the Court

 that holds a perfected security interest in the Deposit Accounts, is allowed to “apply

 the balance of the [D]eposit [A]ccount[s] to the obligation secured by the [D]eposit

 [A]ccount[s].” See N.Y. U.C.C. Law § 9-607(a)(4). Moreover, the express terms of the

 Agreement gave Chase Bank a right of setoff against KLO’s deposits.

 B. Garnishment

¶ 19 We now determine the effect of Chase Bank’s perfected security interest as it

 pertains to the rights that GMT obtained under North Carolina’s garnishment

 statute. Chase Bank argues that under North Carolina law, the right of setoff

 asserted by Chase Bank “supersede[d] any interest accrued by GMT[,]” and therefore

 precluded GMT from “us[ing] the garnishment statute to force Chase [Bank] to

 surrender possession of the funds in the [D]eposit [A]ccounts.” On the other hand,

 GMT contends it “stood in KLO’s shoes and should have enjoyed the same right to

 the funds in the Operating Account as KLO.” GMT further maintains that “[s]ince

 KLO accessed and used millions from the account over a period of months following

 service of the garnishment summons on Chase, GMT’s garnishment summons

 attached to sufficient funds to satisfy GMT’s claim because Chase never exercised its

 rights as secured creditor by exercising the right of setoff.” We conclude Chase Bank

 asserted its right to setoff and asserted its security interest in the Deposit Accounts

 as statutorily allowed.
 GUY M. TURNER INC. V. KLO ACQUISITION LLC

 2022-NCCOA-53

 Opinion of the Court

¶ 20 “Garnishment is not an independent action but is a proceeding ancillary to

 attachment and is the remedy for discovering and subjecting to attachment . . . [a]ny

 indebtedness to the defendant and any other intangible personal property belonging

 to him.” N.C. Gen. Stat. § 1-440.21(a)(2) (2019).

¶ 21 N.C. Gen. Stat. § 1-440.28 provides in pertinent part:

 (f) [i]n answer to a summons to garnishee, a garnishee may
 assert any right of setoff which he may have with respect to
 the defendant in the principal action.

 (g) [w]ith respect to any property of the defendant which
 the garnishee has in his possession, a garnishee, in answer
 to a summons to garnishee, may assert any lien or other
 valid claim amounting to an interest therein. No garnishee
 shall be compelled to surrender the possession of any
 property of the defendant upon which the garnishee
 establishes a lien or other valid claim amount to an interest
 therein, which lien or interest attached or was acquired
 prior to service of the summons to garnishee, and such
 property only may be sold subject to the garnishee’s lien or
 interest.

 N.C. Gen. Stat. § 1-440.28(f)–(g) (2019) (emphasis added).

¶ 22 “Under our canons of statutory interpretation, where the language of a statute

 is clear, the courts must give the statute its plain meaning. However, where [a]

 statute is ambiguous or unclear as to its meaning, the courts must interpret the

 statute to give effect to the legislative intent.” N.C. State Bar v. Brewer, 183 N.C.

 App. 229, 236, 644 S.E.2d 573, 577, disc. rev. denied, 361 N.C. 695, 652 S.E.2d 649

 (2007) (citations and internal quotation marks omitted).
 GUY M. TURNER INC. V. KLO ACQUISITION LLC

 2022-NCCOA-53

 Opinion of the Court

¶ 23 We find the language of N.C. Gen. Stat. § 1-440.28 to be “clear”; hence, we do

 not need to go any further than giving the statute its plain meaning. See N.C. State

 Bar, 183 N.C. App. at 236, 644 S.E.2d at 577. In this case, Chase Bank answered

 GMT’s garnishment summons and notice of levy addressed to it by stating,

 “JPMORGAN CHASE BANK NA HAS TAKEN THE RIGHT OF SETOFF. FUNDS

 NOT AVAILABLE.” On 3 November 2020, Chase Bank moved to amend its answer

 in response to the garnishment summons and notice of levy to assert it had a

 perfected security interest in KLO’s Deposit Accounts at Chase Bank prior to Chase

 Bank being served with the summons. In the trial court’s 10 November 2020

 summary judgment Order, it granted Chase Bank’s motion for leave to amend its

 answer and granted GMT’s motion for summary judgment in GMT’s favor. Thus,

 Chase Bank both “assert[ed its] right of setoff” and “assert[ed a] lien or other valid

 claim amounting to an interest” in its answer and amended answer. See N.C. Gen.

 Stat. § 1-440.28(f)–(g).

 C. Exercise and Waiver of Right of Setoff

¶ 24 In its next argument, Chase Bank contends it protected its interest in the

 Operating Account by claiming the right of setoff in answer to GMT’s garnishment

 summons and notice of levy, and that it “did not waive or undermine its security

 interest by allowing KLO access” to the Operating Account after claiming its right of

 setoff. GMT argues Chase Bank’s security interest does not defeat GMT’s claim
 GUY M. TURNER INC. V. KLO ACQUISITION LLC

 2022-NCCOA-53

 Opinion of the Court

 where Chase Bank never enforced its security interest through setoff and allowed

 KLO to operate using the funds in its Operating Account. As discussed below, we

 hold Chase Bank neither waived its right to setoff nor undermined its security

 interest in the Deposit Accounts.

¶ 25 In the instant case, as the bank with which KLO maintained the Deposit

 Accounts, Chase Bank could have exercised its right of setoff against all of the funds

 in the Cash Collateral Account and the Operating Account, despite the garnishment.

 See N.C. Gen. Stat. § 1-440.28(f); see also N.Y. U.C.C. Law § 9-607(a)(4). As GMT

 concedes, Chase Bank promptly exercised its right of setoff regarding the Cash

 Collateral Account; after receiving GMT’s garnishment summons and notice of levy

 on 29 October 2019, Chase Bank debited the entire Cash Collateral Account,

 acquiring $328,243.14 from the account on 6 November 2019 and notifying GMT of

 the setoff the same day.

¶ 26 The only evidence of Chase Bank’s assertion of its right to setoff against the

 Operating Account is its statement, in response to GMT’s garnishment summons and

 notice of levy, that “JPMORGAN CHASE BANK NA HAS TAKEN THE RIGHT TO

 SETOFF. FUNDS NOT AVAILABLE.” In fact, the Operating Account statements

 reveal the funds in that account remained untouched by Chase Bank for months after

 it was served with GMT’s garnishment summons and notice of levy, and the account

 had a balance of $115,897.60 on 28 February 2020.
 GUY M. TURNER INC. V. KLO ACQUISITION LLC

 2022-NCCOA-53

 Opinion of the Court

¶ 27 Relying on this Court’s decision in Killette v. Raemell’s Sewing Apparel for

 support, Chase Bank nonetheless argues it did not waive its right of setoff by failing

 to take any action regarding the Operating Account. 93 N.C. App. 162, 377 S.E.2d 73

 (1989). In Killette, this Court determined that a “waiver,” in the context of the right

 of setoff against a garnished account, “is an intentional and permanent

 relinquishment of a known right that usually must be manifested in a clear and

 unequivocal manner.” 93 N.C. App. at 164, 377 S.E.2d at 74 (citations omitted). The

 Killette Court concluded the garnishee-bank did not “waive its setoff right by honoring

 some of the company’s checks after the note became due.” Id. at 164, 377 S.E.2d at

 74.

¶ 28 We acknowledge the facts of Killette are distinguishable from the instant case.

 Rather than “honoring some of the company’s checks after the note became due[,]” see

 id. at 164, 377 S.E.2d at 74, here, Chase Bank did not exercise its right of setoff

 against the garnished Operating Account by debiting the account after KLO defaulted

 on its loan obligations and after Chase Bank’s service with garnishment summons

 and notice of levy. Nevertheless, our Court’s reasoning in Killette is similarly

 applicable to the case at bar. The North Carolina garnishment statute does not set

 out the time period by which Chase Bank was required to exercise its right to setoff.

 But see Normand Josef Enters. v. Connecticut Nat’l Bank, 230 Conn. 486, 507, 646

 A.2d 1289, 1300 (1994) (holding a garnishee-bank failed to effectuate its right of setoff
 GUY M. TURNER INC. V. KLO ACQUISITION LLC

 2022-NCCOA-53

 Opinion of the Court

within the applicable, statutorily set midnight deadline). To the contrary, Chase

Bank as a garnishee was not “compelled to surrender the possession of any property

of the defendant upon which [Chase Bank] establishe[d] a lien or other valid claim

amounting to an interest” because Chase Bank established its perfected security

interest in KLO’s accounts held at Chase Bank in its amended answer. See N.C. Gen.

Stat. § 1-440.28(g). The North Carolina garnishment statute and case law neither

required Chase Bank to claim the full amount on deposit in KLO’s Operating Account

while the garnishment action was pending nor to act with respect to the Operating

Account. Such actions would have surely been detrimental to KLO’s ability to pay

back its debts owed to its creditors, including Chase Bank and GMT. See Killette,

N.C. App. at 164, 377 S.E.2d at 74–75. (“The law does not discourage leniency to

one’s debtors, and in our opinion the mere honoring of a depositor’s checks after its

note is due manifests only an intention by the bank to accommodate the depositor at

that time; it does not indicate an intent to continue doing so in the future. If such

indulgences were held to be a permanent waiver of the right of setoff it could only

encourage banks to immediately offset their matured notes against the checking

account balances of their depositor-debtors, a practice bound to embarrass if not ruin

many hard pressed debtors.”). Therefore, we conclude Chase Bank did not waive its

right to setoff or undermine its perfected security interest in the Deposit Accounts.

Other jurisdictions have also declined to find waiver of the right to setoff under
 GUY M. TURNER INC. V. KLO ACQUISITION LLC

 2022-NCCOA-53

 Opinion of the Court

 similar factual circumstances, based in part on the language of the respective

 garnishment statutes. See Ladd v. Motor City Plastics Co., 303 Mich. App. 83, 102,

 842 N.W.2d 388, 399 (2013) (declining to find waiver of right to setoff where the

 garnishee-bank properly “declare[d] the right to a setoff that it would have,” although

 it was not required to “actually exercise that right” under the applicable garnishment

 statute); Myers v. Christensen, 278 Neb. 989, 996–97, 775 N.W.2d 201, 207 (2009)

 (holding a bank’s perfected security interest in a debtor’s deposit account was

 superior to that of a bankruptcy trustee’s claim by garnishment, and the bank did not

 waive its security interest in the account by making a “calculated business decision

 to honor certain checks drawn” on the account). Accordingly, we hold the trial court

 erred in granting summary judgment as to GMT’s right to recovery from Chase Bank

 pursuant to the garnishment summons and notice of levy. Therefore, we reverse and

 remand the Order.

 VI. Conclusion

¶ 29 Chase Bank had a perfected security interest in KLO’s Deposit Accounts,

 which had priority over GMT’s claim by garnishment to the account funds. Chase

 Bank asserted its right to setoff and asserted its security interest in KLO’s bank

 account as allowed by the garnishment statute. The language of N.C. Gen. Stat. § 1-

 440.28 did not require Chase Bank to exercise its right to setoff; thus, Chase Bank

 did not waive its right to setoff or undermine its security interest in KLO’s accounts
 GUY M. TURNER INC. V. KLO ACQUISITION LLC

 2022-NCCOA-53

 Opinion of the Court

by allowing KLO to continue to use its Operating Account after receipt of the

garnishment summons. Accordingly, we reverse the Order granting summary

judgment in favor of garnishor GMT and remand the matter to the superior court for

further proceedings if needed, and the entry of any necessary orders.

 REVERSED AND REMANDED.

 Judge GRIFFIN concurs.

 Judge ZACHARY dissents by separate opinion.
 No. COA21-118 – Guy M. Turner, Inc. v. KLO Acquisition LLC

 ZACHARY, Judge, dissenting.

¶ 30 Chase Bank, the bank with which the judgment-debtor KLO maintained its

 accounts, could have exercised the right of setoff against both the Operating Account

 and the Cash Collateral Account, thereby insulating the Deposit Accounts from

 garnishment. Indeed, on 6 November 2019, Chase Bank responded in defense to

 GMT’s garnishment summons and notice of levy regarding the Deposit Accounts that

 “JPMORGAN CHASE BANK NA HAS TAKEN THE RIGHT TO SETOFF. FUNDS

 NOT AVAILABLE.” That same day, Chase Bank exercised its right of setoff against

 the funds in the garnished Cash Collateral Account, debiting the entire account, a

 total of $328,243.14. However, Chase Bank did not exercise its right of setoff against

 the funds in the garnished Operating Account, debiting no funds from that account.

 Instead, Chase Bank continued to allow KLO to actively draw upon the account for

 months, to the tune of millions of dollars, after Chase Bank’s receipt of the

 garnishment summons and notice of levy.

¶ 31 The majority concludes that Chase Bank was not required, under N.C. Gen.

 Stat. § 1-440.28, to exercise its right to setoff after asserting its right to setoff against

 the Deposit Accounts. I respectfully disagree. By failing to take any affirmative action

 in furtherance of its right of setoff against the garnished Operating Account, Chase

 Bank waived its right to do so. Thus, under North Carolina law, Chase Bank rendered

 itself liable to GMT for the garnished amount. Accordingly, I would affirm the trial

 court’s entry of summary judgment in favor of GMT, and I respectfully dissent.
 GUY M. TURNER INC. V. KLO ACQUISITION LLC

 2022-NCCOA-53

 ZACHARY, J., dissenting

 Discussion

 I. Security Interest and Garnishment

¶ 32 Chase Bank asserts that its perfected security interest in the garnished

 Deposit Accounts “supersede[d] any interest accrued by GMT[,]” and therefore

 precluded GMT from “us[ing] the garnishment statute to force Chase [Bank] to

 surrender possession of the funds in the [D]eposit [A]ccounts.”

¶ 33 Section 25-9-304(a) of the North Carolina Uniform Commercial Code (“UCC”)

 provides that “[t]he local law of a bank’s jurisdiction governs perfection, the effect of

 perfection or nonperfection, and the priority of a security interest in a deposit account

 maintained with that bank.” N.C. Gen. Stat. § 25-9-304(a) (2019). Parties may dictate

 by agreement which jurisdiction’s law will govern. Id. § 25-9-304(b)(1). Because the

 Amended and Restated Credit Agreement (the “Agreement”) between KLO and

 Chase Bank specifies that New York law governs, New York law determines whether

 Chase Bank has a perfected security interest in the Deposit Accounts.

¶ 34 Under New York’s version of the UCC, a secured party may exercise control

 over a deposit account as “the bank with which the deposit account is maintained[.]”

 N.Y. U.C.C. Law § 9-104(a)(1) (McKinney 2021). In addition, the parties’ Agreement

 expressly contemplated that Chase Bank would have the right of setoff of mutual

 debts:

 SECTION 9.08. Right of Setoff. If an Event of Default shall
 GUY M. TURNER INC. V. KLO ACQUISITION LLC

 2022-NCCOA-53

 ZACHARY, J., dissenting

 have occurred and be continuing, each Lender and each of
 its Affiliates is hereby authorized . . . to set off and apply
 any and all deposits (general or special, time or demand,
 provisional or final) . . . at any time held and other
 obligations at any time owing by such Lender or Affiliate
 to or for the credit or the account of any Loan Party against
 any of and all the due and payable Secured Obligations
 held by such Lender. The applicable Lender shall notify the
 Borrower Representative and the Administrative Agent of
 such set-off or application, provided that any failure to give
 or any delay in giving such notice shall not affect the
 validity of any such set-off or application under this
 Section. The rights of each Lender under this Section are
 in addition to other rights and remedies (including other
 rights of setoff) which such Lender may have.

¶ 35 Accordingly, after KLO defaulted on its loan obligations, by the express terms

 of the Agreement, Chase Bank could have applied the proceeds of both of the Deposit

 Accounts to KLO’s loan obligations.

¶ 36 Chase Bank’s security interest would have shielded the Deposit Accounts from

 garnishment under North Carolina law, had Chase Bank exercised its right of setoff.

¶ 37 “Garnishment is not an independent action but is a proceeding ancillary to

 attachment and is the remedy for discovering and subjecting to attachment . . . [a]ny

 indebtedness to the defendant and any other intangible personal property belonging

 to him.” N.C. Gen. Stat. § 1-440.21(a)(2).

¶ 38 “In answer to a summons to garnishee, a garnishee may assert any right of

 setoff which he may have with respect to the defendant in the principal action.” Id.

 § 1-440.28(f). “As debtors of their general depositors[,] banks have long had the right
 GUY M. TURNER INC. V. KLO ACQUISITION LLC

 2022-NCCOA-53

 ZACHARY, J., dissenting

 to setoff against the deposits any matured debts the depositors owe them,” including

 “the right to assert the setoff ‘in answer to a summons to garnishee’ . . . .” Killette v.

 Raemell’s Sewing Apparel, 93 N.C. App. 162, 163–64, 377 S.E.2d 73, 74 (1989)

 (quoting N.C. Gen. Stat. § 1-440.28(f)).

¶ 39 A bank’s right of setoff is a defense to a garnishment action in which it is served

 as garnishee. See, e.g., Moore v. Greenville Banking & Tr. Co., 173 N.C. 227, 231, 91

 S.E. 793, 795 (1917) (holding that the garnishee-bank was “entitled to have its

 defense [of setoff] considered” in a garnishment proceeding). If, after service with a

 garnishment summons and notice of levy, a garnishee-bank does not exercise its right

 of setoff against a depositor’s account, the trial court shall enter judgment against

 the garnishee-bank for the lesser of the following amounts: “(1) [a]n amount equal to

 the value of the property in question, or (2) [t]he full amount for which the plaintiff

 has prayed judgment against the defendant, together with such amount as in the

 opinion of the clerk will be sufficient to cover the plaintiff’s costs.” N.C. Gen. Stat. § 1-

 440.28(d)(1)–(2).

¶ 40 In the present case, Chase Bank plainly had the right of setoff against the

 garnished Deposit Accounts, as it claimed upon service with the garnishment

 summons and notice of levy. Indeed, its exercise of the right of setoff against the Cash

 Collateral Account after receiving GMT’s garnishment summons and notice of levy

 was clearly appropriate. See id. § 1-440.28(f). However, Chase Bank’s interest in the
 GUY M. TURNER INC. V. KLO ACQUISITION LLC

 2022-NCCOA-53

 ZACHARY, J., dissenting

 Operating Account did not, in and of itself, secure the account from garnishment;

 rather, Chase Bank could protect its interest in the garnished Operating Account by

 exercising its right of setoff, as outlined in N.C. Gen. Stat. § 1-440.28(f).

 II. Exercise and Waiver of Right of Setoff

¶ 41 Chase Bank further contends that it protected its interest in the Operating

 Account by claiming the right of setoff in answer to GMT’s garnishment summons

 and notice of levy, and that it “did not waive or undermine its security interest by

 allowing KLO access” to the Operating Account after claiming its right of setoff. I

 disagree, and would conclude that by failing to take any action in exercise of its right

 of setoff against the Operating Account, Chase Bank waived the right of setoff as to

 that garnished account.

¶ 42 As the bank with which KLO maintained the Deposit Accounts, Chase Bank

 could have exercised its right of setoff against all of the funds in the Cash Collateral

 Account and the Operating Account, despite the garnishment. See id. As GMT

 concedes, Chase Bank promptly exercised its right of setoff with regard to the Cash

 Collateral Account; after receiving GMT’s garnishment summons and notice of levy

 on 22 October 2019, Chase Bank debited the entire Cash Collateral Account,

 acquiring $328,243.14 from the account on 6 November 2019 and notifying GMT of

 the setoff that day.
 GUY M. TURNER INC. V. KLO ACQUISITION LLC

 2022-NCCOA-53

 ZACHARY, J., dissenting

¶ 43 By contrast, the only evidence of Chase Bank’s assertion of its right to setoff

 against the Operating Account is its statement, in response to GMT’s garnishment

 summons and notice of levy, that “JPMORGAN CHASE BANK NA HAS TAKEN

 THE RIGHT TO SETOFF. FUNDS NOT AVAILABLE.” In fact, the Operating

 Account statements reveal that the funds in that account remained untouched by

 Chase Bank for months after it was served with GMT’s garnishment summons and

 notice of levy; by the end of February 2020, the Operating Account had a balance of

 $115,897.60, with significant activity by KLO during that month, including an

 opening balance of $8,357.73, deposits and credits of $1,163,724.90, and withdrawals

 and debits of $1,056,185.03.

¶ 44 Relying heavily on this Court’s decision in Killette for support, Chase Bank

 nonetheless argues that it did not waive its right of setoff by failing to take any action

 regarding the Operating Account. In Killette, this Court determined that a “waiver,”

 in the context of the right of setoff against a garnished account, “is an intentional and

 permanent relinquishment of a known right that usually must be manifested in a

 clear and unequivocal manner.” 93 N.C. App. at 164, 377 S.E.2d at 74 (citation

 omitted). The Killette Court concluded that the garnishee-bank did not “waive its

 setoff right by honoring some of the company’s checks after the note became due,”

 reasoning that “the mere honoring of a depositor’s checks after its note is due
 GUY M. TURNER INC. V. KLO ACQUISITION LLC

 2022-NCCOA-53

 ZACHARY, J., dissenting

 manifests only an intention by the bank to accommodate the depositor at that time;

 it does not indicate an intent to continue doing so in the future.” Id.

¶ 45 Killette presents a very different factual scenario than that at bar. Rather than

 “honoring some of the company’s checks after the note became due[,]” id. (emphasis

 added), here, Chase Bank failed to exercise its right of setoff against the garnished

 Operating Account indefinitely, both after KLO defaulted on its loan obligations and

 after Chase Bank’s service with garnishment summons and notice of levy. Despite

 Chase Bank’s claim of the right of setoff against the Operating Account as a defense

 to the garnishment, Chase Bank permitted KLO to have access to millions of dollars

 passing through the Operating Account, while simultaneously taking no action in

 furtherance of its right of setoff.

¶ 46 The parties have not presented any reported North Carolina case law

 specifically on point in this regard; however, other jurisdictions have addressed the

 issue of waiver of the right of setoff against a garnished account. In Normand Josef

 Enterprises, Inc. v. Connecticut National Bank, the Connecticut Supreme Court

 concluded that “the act of setoff is not complete until three steps have been taken: (1)

 the decision to exercise the right; (2) some action which accomplishes the setoff; and

 (3) some record which evidences that the right of setoff has been exercised.” 646 A.2d

 1289, 1299 (Conn. 1994) (citation omitted). The Court ultimately held that “as a

 matter of law, a bank effectuates its right of setoff only after it has performed some
 GUY M. TURNER INC. V. KLO ACQUISITION LLC

 2022-NCCOA-53

 ZACHARY, J., dissenting

 binding overt act and has made a record to evidence that action.” Id. Such an act

 “must be unequivocal, objectively ascertainable and final in order to be overt and

 binding.” Id.

¶ 47 The Ohio Court of Appeals has explicitly delineated what a bank must do to

 avoid waiver of the right of setoff against a garnished account:

 [W]hen a garnishment action is pending, the bank must
 either release the amount on deposit to the garnishor or it
 must take the full amount on deposit (assuming that the
 full amount on deposit does not exceed the amount owed to
 the bank by the depositor) as setoff. The failure to exercise
 setoff by claiming the full amount on deposit when a
 garnishment action is pending can be construed as waiver.

 Maines Paper & Food Serv.-Midwest, Inc. v. Regal Foods, Inc., 654 N.E.2d 355, 359

 (Ohio Ct. App. 1995) (emphasis added).

¶ 48 I find the reasoning of these courts persuasive and applicable to the present

 case: to avoid waiver of its right of setoff against a garnished account, a bank must

 take some overt action, beyond a mere assertion of the right of setoff in defense of

 garnishment, evidencing the actual exercise of the right of setoff against the

 garnished account.

¶ 49 In the present case, although Chase Bank may have made “the decision to

 exercise the right” of setoff against the garnished Operating Account, it cannot

 demonstrate that it took “some action which accomplishe[d] the setoff[.]” Normand

 Josef, 646 A.2d at 1299. Indeed, the Operating Account records establish that KLO
 GUY M. TURNER INC. V. KLO ACQUISITION LLC

 2022-NCCOA-53

 ZACHARY, J., dissenting

 had uninterrupted control over the garnished account from October 2019 through

 February 2020. Chase Bank also failed to provide “some record which evidences that

 the right of setoff ha[d] been exercised[,]” as it admitted during discovery. Id.

¶ 50 Additionally, Chase Bank did not “release the amount on deposit [in the

 Operating Account] to the garnishor or . . . take the full amount on deposit[.]” Maines

 Paper, 654 N.E.2d at 359. Instead, Chase Bank allowed KLO unfettered access to the

 Operating Account and processed millions of dollars through the account. This stands

 in stark contrast to Chase Bank’s handling of the Cash Collateral Account, from

 which Chase Bank debited all funds on the same day that it notified GMT that it had

 exercised the right of setoff. Chase Bank’s “failure to exercise setoff by claiming the

 full amount on deposit when a garnishment action [wa]s pending[,]” therefore, “can

 be construed as waiver.” Id.

¶ 51 Finally, Chase Bank’s inaction with regard to the Operating Account meets the

 definition of “waiver” propounded by this Court in Killette: “an intentional and

 permanent relinquishment of a known right, . . . manifested in a clear and

 unequivocal manner.” 93 N.C. App. at 164, 377 S.E.2d at 74 (citation omitted). Chase

 Bank was aware that it had the right of setoff in defense to the garnishment action;

 indeed, it claimed the right of setoff in its answer to GMT on 6 November 2019, and

 it exercised the right of setoff against the Cash Collateral Account that same day.

 Nonetheless, Chase Bank allowed KLO to continue to use and access the Operating
 GUY M. TURNER INC. V. KLO ACQUISITION LLC

 2022-NCCOA-53

 ZACHARY, J., dissenting

 Account for months after claiming its right of setoff. During this period, KLO not only

 withdrew funds from the account on the date on which Chase Bank was served with

 GMT’s garnishment process, but also subsequently deposited millions of dollars into

 that account. Chase Bank’s inaction with regard to the Operating Account was

 manifestly inconsistent with its claimed setoff.

¶ 52 The act of setoff against a garnished account is not complete until some action

 is taken to accomplish the setoff. Absent any corresponding action, Chase Bank’s

 mere claim of a setoff against the Operating Account was insufficient to support its

 claim and to defeat GMT’s ability to recover through garnishment. In light of these

 facts, Chase Bank’s failure to take any affirmative actions in furtherance of its right

 of setoff against the Operating Account in defense of garnishment was “an intentional

 and permanent relinquishment of a known right” that was “manifested in a clear and

 unequivocal manner.” Id. Where Chase Bank allowed KLO continued access to and

 use of the funds in the Operating Account despite the garnishment, Chase Bank

 waived the right of setoff with regard to that account, and Chase Bank is therefore

 liable to GMT as garnishee.

¶ 53 For the reasons stated herein, I would affirm the trial court’s entry of summary

 judgment in favor of GMT’s right to recover from Chase Bank as garnishee.

 Accordingly, I respectfully dissent.